# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY MEISER, : | |
| : | |
| **Plaintiff** : | CIVIL ACTION NO. 3:17-2366 |
| : | |
| v. : | |
| : | (JUDGE MANNION) |
| STATE FARM FIRE AND : | |
| CASUALTY COMPANY, : | |
| **Defendant** : | |

## M E M O R A N D U M

The house of plaintiff, Nancy Meiser, was insured in a homeowner's policy issued by defendant State Farm Fire and Casualty Insurance Company ("State Farm") when a dump truck crashed into it. Plaintiff filed a claim under her State Farm policy for damages allegedly caused to her house by the crash. After investigating the damage to plaintiff's house, State Farm issued plaintiff a check. Plaintiff alleges that State Farm failed to pay her for all of the damages to her house and personal property it owed to her under her policy. Plaintiff then brought an action for both breach of contract and bad faith in the Schuylkill County Court of Common Pleas. State Farm removed the action to federal court. In response to plaintiff's complaint, State Farm filed a partial motion to dismiss seeking to dismiss plaintiff's bad faith claim. For the following reasons State Farm's motion to dismiss the bad faith claim will be **DENIED**.

## I. PROCEDURAL BACKGROUND

The plaintiff initially brought this suit in the Court of Common Pleas of Schuylkill County on November 22, 2017. (Doc. 3-3). On December 21, 2017, State Farm removed the case to this court. (Doc. 1). State Farm now moves to have Count II of the plaintiff's complaint, bad faith, dismissed under Fed.R.Civ.P. 12(b)(6). (Doc. 3). State Farms' motion has been briefed by the parties.

## II. FACTUAL BACKGROUND[1]

At all relevant times, plaintiff had a homeowner's insurance policy with State Farm covering her real property located at 711 Claremont Avenue, Tamaqua, Pennsylvania. On December 19, 2016, a tri-axle dump truck driven by Frank Greco crashed into the front of plaintiff's house causing it damage. After a police investigation, it was determined that Debra Sanko caused the accident when she pulled her vehicle onto the road and caused Greco's truck to turn sideways and then crash into plaintiff's house. Plaintiff reported the accident and her damage to State Farm, and was assigned a claim number.

On December 21, 2016, state Farm representatives inspected plaintiff's house and determined that plaintiff's house sustained total damages in the amount of $2243.58. State Farm issued plaintiff a Structural Damage Claim

---

[1]The facts alleged in plaintiff's complaint, (Doc. 3-3), must be accepted as true in considering the defendant's motion to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 F.App'x 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

2

Policy on January 13, 2017, along with an itemized estimate for the repair work to her house. (Doc. 3-3 at 17-19). State Farm determined that plaintiff was entitled to the amount of $558.91 after State Farm applied her deductible in the amount of $1562.00 as well as other uncovered costs. State Farm then issued a check payable to plaintiff in the amount of $558.91.

Plaintiff requested State Farm to reevaluate its repair estimate and claimed that its estimate was not sufficient to pay for her total actual damages and costs of repair. Plaintiff then hired Schuylkill Public Adjusting Company to prepare a damage estimate for her house. On April 19, 2017, the company determined the value of her loss to be $39,281.67. Moreover, Sanko's insurance carrier, Erie Insurance, also determined that plaintiff's house sustained "significant structural damage" and estimated her damages to be about $60,000.

Another damage estimate was prepared by Property Improvement and it found the damages to plaintiff's house to be $40,155.

Plaintiff then demanded State Farm to pay for the actual damages to her house in line with the stated estimates but State Farm refused to do so.

In her complaint, plaintiff raises two counts. Count I is a claim for breach of the insurance contract and Count II is a claim for bad faith in violation of [42 Pa.C.S. §8371](#).

This court has subject matter jurisdiction over this case based on diversity of citizenship pursuant to [28 U.S.C. §1332](#).

3

**III.    DISCUSSION**[2]

The plaintiff's bad faith claim alleges, in part, that State Farm unreasonably handled her claim, that State Farm failed to reinvestigate her claim despite the other damage estimates, and that State Farm offered "an excessively low claim payment."

Since the jurisdiction of this federal court is based on diversity, it must apply Pennsylvania's substantive law. Hunt v. U.S. Tobacco Co., 538 F.3d 217, 220 (3d Cir. 2008). Thus, Pennsylvania law applies to the plaintiff's bad faith claim.

Under Pennsylvania law there is no common law remedy for bad faith of insurance companies, but rather, a remedy is authorized by statute. *See* 42 Pa.C.S. §8371. Pennsylvania's insurance bad faith statue provides:

> [i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) Award punitive damages against the insurer; (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. §8371.

"'[P]roof of an insurance company's motive of self-interest or ill-will is not a prerequisite to prevailing in a bad faith claim[,]' though such evidence is probative of the second prong of the bad faith test." Berg v. Nationwide Mutual

---

[2]Since the parties state the correct legal standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6) in their briefs, the court does not repeat it herein.

4

Ins. Co., Inc., 189 A.3d 1030, 1037 (Pa. Super. 2018) (quoting Rancosky v. Washington Nat'l Ins. Co., —— Pa. ——, 170 A.3d 364, 365 (2017)). To succeed on a bad faith claim, a plaintiff must demonstrate "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Verdetto v. State Farm Fire & Cas. Co., 837 F. Supp. 2d 480, 484 (M.D. Pa. 2011) aff'd, 2013 WL 175175 (3d Cir. Jan. 17, 2013) (quoting Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir.1997)). Mere negligence, however, is not sufficient to establish a bad faith claim. *See id.* (citing Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 751 (3d Cir.1994)). "Rather, it is the unreasonable and intentional or reckless denial of benefits which is the essence of a bad faith claim." Myers v. State Farm Mut. Auto. Ins. Co., 2017 WL 3891968, *2 (E.D.Pa. Sept. 6, 2017) (citation omitted). Claims of bad faith are fact specific and depend on the conduct of the insurer toward its insured. Condio v. Erie Ins. Exch., 899 A.2d 1136, 1143 (Pa.Super.Ct. 2006).

An insured must meet the heightened standard of clear and convincing evidence, which "is the highest standard of proof for civil claims", to establish a claim of bad faith. Smith v. State Farm Mut. Auto. Ins. Co., 2012 WL 508445, at *3 (E.D.Pa. Feb.16, 2012); Berg, 189 A.3d at 1037. This standard requires the insured to "provide evidence 'so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith.'" Amica Mut. Ins. Co. v. Fogel, 656 F.3d 167, 179 (3d Cir. 2011) (quoting Bostick v. ITT Hartford Grp., 56

5

F.Supp.2d 580, 587 (E.D.Pa. 1999)).

"The 'clear and convincing' standard requires that the plaintiff show 'that the evidence is so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith.'" J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 367 (quoting Bostick v. ITT Hartford Group, Inc., 56 F.Supp.2d 580, 587 (E.D.Pa.1999)). Some examples of bad faith are a frivolous or unfounded refusal to pay, failure to investigate the facts, failure to communicate with the insured, failure to engage in settlement negotiations, and unreasonable delay. *See* Katta v. Geico Ins. Co., 2013, WL 275529, *7 (W.D.Pa. Jan. 24, 2013) (citations omitted).

State Farm states that it did not act in bad faith. It indicates that after its representative inspected plaintiff's house, the claims adjuster could not determine if the damages plaintiff claimed were all related to the accident so she arranged to have an engineer inspect the house. State Farm's engineer found that the truck did not cause any cracks in the house and concluded that the stone cap on the side of the stone planter of the house was probably broken by the truck. State Farm then states that the adjuster prepared an estimate of damages based on its inspections. State Farm points out that it "has not denied coverage [to plaintiff] but has estimated the damages to be less then what [she] would like." State Farm also contends that despite the higher estimates plaintiff received to repair her damage, it was not obligated to alter its evaluation of the damages.

State Farm argues that plaintiff's complaint does not provide sufficient factual support of her bad faith claim and that this claim is based on conclusory allegations in violation of the pleading requirements of Fed.R.Civ.P. 8. State Farm also contends that plaintiff merely alleges it "did not pay the amounts she believes are due under the policy" and that this does not constitute bad faith. State Farm indicates that although its estimate was lower than plaintiff's estimates, it was based on its inspection and that this does not amount to bad faith. State Farm cites to Smith v. State Farm, 506 Fed.Appx. 133, 136 (3d Cir. 2012), for support. (Court stated that bad faith "is not present merely because an insurer makes a low but reasonable estimate of an insured's damages.") (quoting Johnson v. Progressive Ins. Co., 987 A.2d 781, 784 (Pa.Super. 2009)).

The plaintiff alleges that State Farm engaged in bad faith by listing 12 specific actions. (Doc. 3-3 at 8-9). No doubt that courts will dismiss bad faith claims which rely upon only a list of conclusory allegations. *See* Smith v. State Farm Mut. Auto. Ins. Co., 506 Fed.Appx. 133 (3d Cir. 2012) (Court indicated that a complaint consisting of conclusory statements unsupported by facts is not sufficient to survive a motion to dismiss); [Atiyeh v. National Fire Ins. Co. Of Hartford, 742 F.Supp. 2d 591, 599 (E.D. Pa. 2010)](). However, in the instant case, the court finds that plaintiff's allegations are not simply conclusory legal statements and, that they are sufficient to state a cause of action for bad faith. Nor does the court find that plaintiff is only claiming that State Farm made a low but reasonable estimate of her damages in light of the large discrepancy

between plaintiff's estimates she provided to State Farm and State Farm's estimate. As plaintiff states in her brief, the "extreme disparity [between plaintiff's estimates and State Farm's estimate] suggests much more than mere negligence." In fact, while the plaintiff alleges that State Farm unreasonably refused to pay benefits, she provided exhibits attached to her complaint to show the extent of her damages and the total amount of her damages based on her estimates.

Further, some of plaintiff's allegations in her bad faith claim will require discovery to determine if they can be substantiated, such as her allegations that State Farm initially misrepresented pertinent facts of her policy provisions regarding coverage and that State Farm mislead her. Additionally, if discovery revealed that plaintiff's house was structurally damaged and that it suffered cracks in its foundation as found in her estimates and the estimate of Sanko's insurance company, such evidence would support plaintiff's bad faith allegation that State Farm was unreasonable in failing to reinvestigate and reevaluate her damages.[3]

Thus, since the court finds that the plaintiff has plead sufficient facts "to

---

[3]As State Farm states in its reply brief, the court recognizes that the plaintiff has asserted facts in her brief in opposition to State Farm's motion that are not alleged in her complaint. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Heim v. York Cnty. Prison,* 3:CV-10-1369, 2013 WL 1414638 (M.D. Pa. Apr. 8, 2013)(citing *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir.1988)).The court has thus not considered these additional allegations. Nonetheless, the court finds that the plaintiff has alleged sufficient facts in her complaint to support her claim for bad faith.

state a claim to relief that is plausible on its face", *Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, and that the plaintiff has "raise[d] a reasonable expectation that discovery will reveal evidence of [necessary elements]" to prove her cause of action, *id*., State Farm's motion to dismiss will be denied.

## IV. CONCLUSION

For the reasons discussed above, State Farm's motion to dismiss, (Doc. 3), is **DENIED**. The plaintiff is permitted to proceed with her bad faith claim. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 28, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2366-01.wpd